# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**CARLOS DEMOND BROWN, # 68665-380**                                      **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 3:21cv423-HTW-LGI**

**WARDEN S. REISER**                                        **RESPONDENT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*. *Pro se* Petitioner Carlos Demond Brown filed this Petition for Writ of Habeas Corpus under Title 28 U.S.C. § 2241 [1]. He is incarcerated with the Bureau of Prisons at the Federal Corrections Complex in Yazoo City, Mississippi. He attacks his conviction for conspiracy to possess cocaine with intent to distribute. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

On June 24, 2021, Brown initiated this habeas action, challenging his conviction handed down from the United States District Court for the Western District of Texas. On August 14, 2017, that court convicted him of conspiracy to possess cocaine with intent to distribute and sentenced him to 97 months in the custody of the Bureau of Prisons.

Brown proceeds under § 2241, challenging this conviction. He argues that (1) his superseding information was defective because it did not properly charge conspiracy and (2) was not brought by a grand jury, (3) he did not conspire with anyone, (4) his rights against an unlawful search and seizure were violated, (5) he was arrested without a warrant or probable cause and (6) in violation of the knock and announce rule, and (7) his attorneys were ineffective

for failing to raise the Fourth Amendment issues.

## DISCUSSION

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). By contrast, a motion filed pursuant to § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Brown's claims that he was improperly convicted do not challenge the execution of his federal sentence but instead attack the validity of his federal sentence. Since the alleged constitutional violations "occurred at or prior to sentencing," they are not properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002). To meet the stringent "inadequate or ineffective" requirement, the Fifth Circuit Court of Appeals holds:

> the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Brown bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id.* at 901.

Brown claims the savings clause applies to him because he is not guilty of conspiracy and

§ 2255 "would not afford [him] a full hearing and adjudication." (Pet. at 5).  However, he does not rely on any retroactive Supreme Court authority to establish his actual innocence.  He also fails to point to any Fifth Circuit law that ever prohibited his claim.  In fact, the cases that he does cite in support of his claims well predate his conviction.

Since Brown's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with it under § 2241.  Accordingly, the Petition shall be dismissed as frivolous.  To the extent the Petition can be construed as a § 2255 motion, it shall be dismissed for lack of jurisdiction.  *Pack*, 218 F.3d at 454.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects.  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 27th day of July, 2021.

s/ **HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**
