IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CARLOS DEMOND BROWN, # 68665-380**                              **PETITIONER**

**VERSUS**                                           **CIVIL ACTION NO. 3:21CV423-HTW-LGI**

**WARDEN S. REISER**                                               **RESPONDENT**

## ORDER DENYING RECONSIDERATION

BEFORE THE COURT is the Motion for Relief from Judgment Pursuant to 60(b)(6) and 60(b)(4) [5], filed by *pro se* petitioner Carlos Demond Brown. He is incarcerated with the Bureau of Prisons, and he filed this habeas action under 28 U.S.C. § 2241. On July 27, 2021, the court dismissed this case, because it did not meet the savings clause. On October 6, Brown filed the instant motion to reconsider. The court has considered petitioner's submission and the relevant legal authority. For the reasons set forth below, the motion is denied.

## DISCUSSION

Since Brown filed the motion over twenty-eight days after the Final Judgment, this motion shall be treated as one under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989). Under this rule:

> . . . [T]he court may relieve a party . . . from a final judgment . . . for the following reasons:
>
> (1)     mistake, inadvertence, surprise, or excusable neglect;
>
> (2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)     fraud (whether previously called intrinsic or extrinsic),

      misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

  Brown claims there is a "grave miscarriage of justice" because the Magistrate Judge never filed her Report and Recommendation; therefore, he did not have an opportunity to object before the court dismissed his case. (Mot. 60(b)(6) at 2). Additionally, Brown revives his claims that his superseding information and indictment were invalid.

  These points are not well taken. First, there was no Report and Recommendation filed, because the Magistrate Judge did not issue one. Therefore, there was no basis to object. Second, Brown does not argue that the court erred in determining the savings clause was not satisfied. Brown presents no other basis for reconsideration of the Memorandum Opinion and Order of Dismissal [3].

  **IT IS THEREFORE ORDERED AND ADJDUGED** that, for the reasons stated above, *pro se* petitioner Carlos Demond Brown's Motion for Relief from Judgment Pursuant to 60(b)(6) and 60(b)(4) [5] is **DENIED.**

  SO ORDERED this the 23rd day of November, 2021.

            s/ **HENRY T. WINGATE**
            **UNITED STATES DISTRICT COURT JUDGE**