IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CARLOS DEMOND BROWN, # 68665-380**                                                                **PETITIONER**

**VERSUS**                                                            **CIVIL ACTION NO. 3:21CV423-HTW-LGI**

**WARDEN S. REISER**                                                                                        **RESPONDENT**

**THIRD ORDER DENYING RECONSIDERATION**

BEFORE THE COURT is the third motion [9] for reconsideration filed by *pro se* petitioner Carlos Demond Brown.   He is incarcerated with the Bureau of Prisons, and he filed this habeas action under Title 28 U.S.C. § 2241.   On July 27, 2021, the court dismissed this case, because it did not meet the savings clause.   On October 6 and December 27, Brown filed two previous motions to reconsider, both of which the court denied.   On April 11, 2022, Brown filed this third motion, claiming that (1) his criminal judgment was void and (2) the prior Orders Denying Reconsideration [6, 8] did not address this issue.   The court has considered petitioner's submission and the relevant legal authority.   For the reasons set forth below, the motion is denied.

DISCUSSION

Since Brown filed the motion over twenty-eight days after the Final Judgment, this motion shall be treated as one under Federal Rule of Civil Procedure 60(b).   Fed. R. Civ. P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989).   Under this rule:

> . . . [T]he court may relieve a party . . . from a final judgment . . . for the following reasons:
>
>> (1)   mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2)   newly discovered evidence that, with reasonable diligence, could

    not have been discovered in time to move for a new trial under Rule 59(b);

 (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

 (4) the judgment is void;

 (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

 (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

  Brown claims (1) there has been a "fraud on the federal habeas court" because his criminal judgment is void and (2) the court has not addressed this issue in its previous rulings. (3d Mot. to Recons. at 2). These points are not well taken. Even though Brown now couches his issues as fraud, he previously raised them in his prior motions to reconsider. As with his previous motions, he does not demonstrate that the court erred in dismissing this case for failure to satisfy the savings clause. Brown does not show that he is entitled to relief under Rule 60.

  This case is closed, and the time to appeal the Final Judgment has run. Brown is warned that any more frivolous filings in this closed case will invite sanctions. Such sanctions may include monetary fines as well as a bar from any future filings in this or any other case.

  **IT IS THEREFORE ORDERED AND ADJDUGED** that, for the reasons stated above, *pro se* petitioner Carlos Demond Brown's third Motion for Reconsideration [9] is **DENIED**. Petitioner is warned that any future frivolous filings in this closed case will invite sanctions.

  **SO ORDERED AND ADJUDGED**, this the 28th day of June, 2022.

        s/ HENRY T. WINGATE
        UNITED STATES DISTRICT JUDGE